O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WILLIAMS,<br><br>    Petitioner,<br><br>    v.<br><br>E. VALENZUELA (WARDEN),<br><br>    Respondent. | NO. CV 14-3622-ODW (MAN)<br><br>ORDER: DISMISSING PETITION AS SECOND OR SUCCESSIVE; DENYING A CERTIFICATE OF APPEALABILITY; AND REFERRING PETITION TO NINTH CIRCUIT PURSUANT TO NINTH CIRCUIT RULE 22-3(a) |

On May 12, 2014, Petitioner filed a habeas petition, pursuant to 28 U.S.C. § 2254 ("Petition"). The Petition stems from Petitioner's Los Angeles Superior Court conviction sustained in 2005, in Case No. LA043629 (the "State Conviction").

Under the Rules Governing Section 2254 Cases in the United States District Courts, a habeas petition filed by a prisoner in state custody "must" be summarily dismissed "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, 28 U.S.C. foll. § 2254. For the reasons set forth below, the Petition must be, and is, DISMISSED as second or successive, pursuant to 28 U.S.C. § 2244(b) and Rule 4.

## BACKGROUND

On April 22, 2011, Petitioner filed a Section 2254 habeas petition in this district in Case No. CV 11-3446 (MAN) (the "First Action").[1] The First Action challenged Petitioner's State Conviction and sentence through seven claims based on allegations that appellate counsel provided ineffective assistance and the prosecutor committed misconduct. Of note here, Ground Six of the First Action petition was predicated on the theory that: Petitioner's prior Massachusetts convictions did not qualify as serious or violent felonies under California law, because the elements of the Massachusetts crimes did not include all of the elements of such crimes under California law; his Massachusetts convictions therefore should not have been used as "strikes" in connection with Petitioner's sentence; and thus, Petitioner's sentence was increased improperly. (*See* First Action petition at 35-37.) On October 25, 2012, the First Action was dismissed with prejudice, based upon untimeliness. Petitioner did not appeal.

This action is Petitioner's second attempt to obtain Section 2254 habeas relief in connection with the State Conviction. The Petition raises a single claim. Petitioner argues that his prior Massachusetts conviction for breaking and entering should not have been found to constitute a serious or violent felony, or a "strike," under California law, because inadequate evidence was presented to establish that the property at issue was a residence and there was no proof that the crime shared all elements of the same crime under California law. Petitioner contends, therefore, that his sentence was increased improperly in violation of California law and his federal due process rights.

The Ninth Circuit's dockets show that Petitioner has not filed an application seeking leave to raise his present claim through a second or successive Section 2254 petition.

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of the records and files from Petitioner's prior action in this district and in the United States Court of Appeals for the Ninth Circuit.

**DISCUSSION**

State habeas petitioners generally may file only one federal habeas petition challenging a particular state conviction and/or sentence. *See, e.g.,* 28 U.S.C. § 2244(b)(1) (courts must dismiss a claim presented in a second or successive petition when that claim was presented in a prior petition) and § 2244(b)(2) (with several exceptions not applicable here, courts must dismiss a claim presented in a second or successive petition when that claim was not presented in a prior petition). "A habeas petition is second or successive . . . if it raises claims that were or could have been adjudicated on the merits" in an earlier Section 2254 petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009).

Even when Section 2244(b) provides a basis for pursuing a second or successive Section 2254 habeas petition, state habeas petitioners seeking relief in this district court must *first* obtain authorization from the Ninth Circuit before filing any such second or successive petition. 28 U.S.C. § 2244(b)(3). The Ninth Circuit "may authorize the filing of the second or successive [petition] only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2242(b)(2)." Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 796 (2007).

By the First Action, Petitioner sought Section 2254 relief based on the same State Conviction at issue here and raised a claim substantially similar to the claim now alleged in the instant Petition. His earlier habeas petition was dismissed with prejudice due to its untimeliness. The untimeliness of the First Action petition action "presents a 'permanent and incurable' bar to federal review," and thus, the dismissal of the First Petition action "constitutes a disposition on the merits" for purposes of Section 2244(b). McNabb, 576 F.3d at 1030 (citation omitted). The present Petition is second or successive within the meaning of Section 2244(b). *See id.* (holding "that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of" Section 2244(b)); *in accord* Murray v. Greiner, 394 F.3d 78, 79 (2d Cir. 2005); Altman v. Benik, 337 F.3d 764, 766

(7th Cir. 2003).

Petitioner's present challenge to his sentence stemming from the State Conviction rests neither on newly discovered evidence nor "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *See* 28 U.S.C. § 2244(b)(2). Thus, it does not appear that Petitioner can satisfy the requirements for obtaining leave to file a second or successive petition. *See id.* Moreover, the instant Petition -- like the First Action petition -- appears to be untimely.[2]

In any event, whether or not the claim alleged in the Petition may, as a *prima facie* matter, satisfy the requisites of 28 U.S.C. § 2244(b)(2) is a question that must be presented to and resolved by the Ninth Circuit, not this District Court. Petitioner, however, has not sought or obtained permission from the Ninth Circuit to bring a second or successive Section 2254 petition raising the claim alleged in the instant Petition. This Court thus lacks jurisdiction to consider the Petition. 28 U.S.C. § 2244(b); *see also* Burton, 549 U.S. at 157, 127 S. Ct. at 799 (district court lacks jurisdiction to consider the merits of a second or successive petition absent prior authorization from the circuit court). Accordingly, IT IS ORDERED that: the Petition is DISMISSED; and Judgment shall be entered dismissing this action without prejudice.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000). The Court concludes that a certificate of appealability is unwarranted, and thus, a certificate of appealability is DENIED.

---

[2] Petitioner also does not allege any facts that would allow for the conclusion that his instant claim -- to the extent it differs from Ground Six of the First Action petition -- is exhausted.

1       IT IS FURTHER ORDERED that the Clerk of the Court shall refer the Petition to the Ninth
2 Circuit pursuant to Ninth Circuit Rule 22–3(a).

4       IT IS SO ORDERED.

6 DATED: May 30, 2014

7                                 _____
                                   OTIS D. WRIGHT, II
                                   UNITED STATES DISTRICT JUDGE

10 PRESENTED BY:

12 _____
   MARGARET A. NAGLE
13 UNITED STATES MAGISTRATE JUDGE